**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

   v.                                          Case No. 18-cr-187-SM-3

<u>Amy Patch</u>

### REPORT AND RECOMMENDATION

On October 19, 2020, defendant Amy Blanchette[1] entered a guilty plea to the charge of conspiracy to distribute and to possess with the intent to distribute a controlled substance, specifically, fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). Doc. no. 55. At the change of plea hearing, Judge McAuliffe ordered that the defendant remain on release, pending sentencing, on the same terms and conditions that were already in place. On January 29, 2021, U.S. Probation filed a Report of Bail Violation requesting that the court issue a summons for the defendant to be brought before the court to "show cause as to why her bail should not be revoked." Doc. no. 73. A summons was issued the same day. A bail revocation hearing was conducted before the undersigned magistrate judge by

---

[1] The defendant indicated a preference of being referred to as Amy Blanchette, so the court will do so.

1

videoconference on February 16, 2021.² At the conclusion of that hearing, the matter was taken under advisement. The hearing was continued on February 26, 2021. For the reasons that follow, the court recommends that the district judge revoke the defendant's release and order her detention pending sentencing.

I. **Applicable Legal Standard**

Pursuant to 18 U.S.C. § 3143(a), for defendants "who pleaded guilty and are awaiting sentence, the statute reverses the presumption of release in § 3142 and generally requires a court to incarcerate a defendant pending the imposition of sentence." United States v. Cain, No. 1:16-cr-00103-JAW, 2018 WL 2470724, at *6 (D. Me. June 1, 2018) (citing 18 U.S.C. § 3143(a)). Where the defendant "has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence," as is the case here, there are two exceptions to the presumption of detention: if "the judicial officer finds there is a substantial likelihood that a motion

---

² An in-person hearing was not possible on February 16, 2021 due to the health and safety precautions taken in response to the COVID-19 pandemic. See Standing Order ADM-1, 20-25. Defendant waived her right to an in-person hearing and consented to a video hearing. The hearing was listed on the public docket on the court's website and public access to the hearing was available by video in accordance with the court's Standing Order ADM-1, 20-7. The court made findings regarding the limitations on in-person public access on the record.

2

for acquittal or new trial will be granted" or if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person" and the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). It does not appear that either exception applies in this case.

The bail revocation statute, in pertinent part, provides:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
> (1) finds that there is--
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that--
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. 3148(b).

"The government has the initial burden to establish the violation under 18 U.S.C. § 3148(b)(1)." United States v. Barnett, No. 05-cr-095-01-SM, 2012 WL 6552797, at *1 (D.N.H. Dec. 14, 2012). The government then "has the burden to prove by a preponderance of the evidence the requirements of section

3

3148(b)(2)(A) or (B)."  Id. (citing United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990); United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997)).

## II. Discussion

As an initial matter, under the circumstances in this case, there is a presumption of detention pending sentencing.  See 18 U.S.C. 3143(a).  At the first hearing, on February 16, 2021, the government made clear that it was not seeking bail revocation, instead asserting that it would support allowing Blanchette an additional opportunity to comply with her conditions of release.  However, after the defendant's violations of conditions following that hearing, the government moved for detention at the February 26, 2021 bail review hearing.

The probation officer, in her Report of Bail Violation (Doc. no. 73) and at both hearings, detailed bail violations that fall into two main categories: failure to submit to substance use testing required by the supervising officer and substance use.  The defendant did not contest the violations documented in the report and stipulated to their accuracy.  In the report, the officer represented that since June 30, 2020, the defendant had missed 32 required daily calls for drug testing instructions and scheduled drug tests on November 12, 2020, November 16, 2020, and January 15, 2021.  Doc. no. 73.  Additionally, at the hearing, the probation officer represented

that the defendant missed another drug test on February 23, 2021.

In the report, the probation officer indicated that the defendant tested positive for amphetamine and/or methamphetamine use on September 23, 2020, October 12, 2020, October 29, 2020, December 3, 2020, and January 6, 2021. At the hearing, the officer indicated that the defendant also tested positive for substance use on February 16, 2021, February 18, 2021, and February 25, 2021. This testimony from probation regarding the defendant's missed drug tests and substance use constitutes clear and convincing evidence that she violated her conditions of release.

Additionally, the court finds that Blanchette is unlikely to abide by conditions of release going forward. On several occasions, Blanchette, when confronted about the positive test results, denied any substance use. After one positive test, she stated that she believed the test result was caused by the environment in which she works doing construction. In response to one of the positive test results in February, the defendant indicated her belief that it was caused by drinking coffee before the test. The court does not find these explanations believable. Moreover, probation reports that the defendant has displayed a lack of honesty about her counseling meetings, her substance use, and her ongoing struggles with addiction. The

court finds this lack of candor troubling.  See United States v. Patterson, No. 119-cr-00230-DAD-BAM-1, 2020 WL 6200164, at *11 n.2 (E.D. Cal. Oct. 22, 2020) (finding that "the evidence demonstrates that [the defendant] cannot be supervised due to his lack of candor with his pretrial services office and law enforcement"); see also United States v. Ojo, Crim. No. SAG-20-0369, 2020 WL 7707341, at *2 (D. Md. Dec. 29, 2020) (considering the defendant's "lack of candor with Pretrial Services" in finding that there were no conditions that could mitigate dangerousness).

As of today, there are only 30 days until the defendant's sentencing on March 31, 2021.  The fact that she is continuing to consistently engage in substance use, continuing to be untruthful with probation, and failing to take full and meaningful advantage of treatment options, so far into her supervised release, weighs in favor of detention.  "The best predictor of how [the defendant] will behave if [s]he were to be released is how [s]he has behaved when released in the past . . . ." United States v. Martin, 447 F.Supp.3d 399, 403 (D. Md. Mar. 17, 2020).  Blanchette has failed time and again to comply with conditions, and is likely to continue that pattern of behavior.[3]

---

[3] The defendant's behavior while on pre-sentencing release – especially her continued drug use - also suggests that she is a

6

### III. Conclusion

Based on the foregoing, the court recommends that the district judge revoke the defendant's supervised release and detain her pending sentencing.

Any objections to this Report and Recommendation must be filed within fourteen days of service of this notice. See Fed. R. Crim. P. 59(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted); Fed. R. Crim. P. 59(b)(2).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

March 1, 2021

cc: Patrick J. Richard, Esq.
    Jennifer C. Davis, Esq.
    U.S. Probation
    U.S. Marshal

---

danger to herself and the community. See United States v. McIntosh, No. 02-CR-20049-02, 2012 WL 762614, at *1 (E.D. Mich. Mar. 9, 2012) (citation omitted) ("I further find that Defendant['s] continued controlled substance use, after having been previously convicted of drug trafficking, poses added danger to the community.").